JAMES PRINCE v. THE STATE.

1. The statute prohibiting appeals to the Supreme Court from judgments rendered in justices' courts is not in violation of Section 3 of Article 5 of our present Constitution, guaranteeing the right of appeal.

2. There is no appeal to the Supreme Court from judgments originally
rendered in justices' courts, and a mayor's court is, under the laws of
this State, a justices' court.

APPEAL from Ellis.    Tried below before the Hon. Hardin
Hart.

Defendant was tried before the mayor's court in the town
of Waxahachie for carrying a knife on or about his person, in
violation of Section 1 of the act of April 12th, 1871.    The
trial resulted in a conviction of the defendant, and a fine of
fifty dollars was imposed against him ; from this judgment he
appealed to the District Court of Ellis county, and he was also
convicted in that court and fined twenty-five dollars.    From
this last judgment he attempted to appeal to this court, but the
district judge refused to allow him to enter into recognizance
on his appeal, and this was assigned as error.    Appellant's
counsel relied on Section 3 of Article 5 of the Constitution,
to sustain his right of appeal.

*Bradshaw & Kemble*, for the appellant.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J.    This is an appeal from the mayor's court of the
city of Waxahachie, first to the District Court, and then to
this court.    We have repeatedly held that under our present
Constitution and laws, there is no appeal to this court from
judgments originally rendered in a justice's court, and a mayor's
court under the law is a justice's court.    We have in several
cases, previously decided, considered and settled the constitu-
tional question presented in the brief for appellant, and there-
fore do not feel called upon to further consider it now.    The
appeal must be dismissed.

                                                    Appeal dismissed.